RECEIVED
NOV - 1 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
NOV 0 1 2002

IN THE UNTED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Larry Cherry, | ) No. 02 C 7895 |
| Plaintiff, | ) |
| | ) Judge: |
| vs. | ) JUDGE KOCORAS |
| | ) MAGISTRATE JUDGE ASHMAN |
| Sophia Hall, Individually, Pierce and Associates, CREDIT BASED ASSETS SERVICING, Judy Tidwell, individually, LITTON LOAN SERVICING LP., Larry Litton Sr., individually, Randy Reynolds, individually, Carol F. Jolly, individually, Jennifer M Lannings, Individually, Andrew D. Schusteff, individually, Donita Jones, individually, Milka Chukurov, Individually, Angie Stevens, individually Intercounty Judicial Sales Corporation | ) |
| Defendants. | ) |

**PETITION, CLAIM, AND COMPLAINT IN THE NATURE OF A SUIT FOR DAMAGES TO PROPERTY AND BUSINESS INTERESTS UNDER 18 USC 1964(a), FOR RACKETEER INFLUENCED CORRUPT ORGANIZATION ACTIVITY**

]I. Larry Cherry hereinafter "Cherry" a Citizen of the Republic and of Illinois state, have been deprived of my property and business associated with my property.

II. Sophia Hall, Individually, Pierce and Associates, CREDIT BASED ASSETS SERVICING, Judy Tidwell, LITTON LOAN SERVICING LP.,Larry Litton Sr., Randy Reynolds, Carol F. Jolly, Jennifer M Lanning, Andrew D. Schusteffi,Donita Jones, Milka Chukurov, , individuals all, hereinafter "the racketeers" are persons within the scope of racketeer influenced corrupt organization (RICO) laws who violated RICO laws causing injury to property and business interests of Cherry. The participation was through a pattern of racketeering activities resulting in injury to the property and business interests of Cherry. The racketeers are connected and bound to an enterprise, which is a RICO enterprise by reason of records, which demonstrate a pattern of activity in violation 18 USC 1961 & 1962. The acts, which were committed or aided and abetted by the racketeers were the proximate cause of Cherry being defrauded of his property and associated business and lost profits of his business of real estate investment. The frauds

1

committed by the racketeers were reasonably foreseeable or anticipated to result in the financial injury to Cherry as a natural consequence. The racketeers pose a threat of continued criminal activity. The, racketeers, whose role was to aid and abet in predicate acts of fraud was knowing, intentional, and reckless. The racketeers committed or abetted more than two predicate acts rising to a pattern of racketeering. The enterprises' activities affect interstate commerce. The racketeers committed or abetted frauds, which were part of a scheme of fraud that would have the foreseeable result of financial injury to Cherry's property and business interests. The, racketeers criminal conduct was merely a footnote in a long history of activities which enable persons like the racketeers to obtain interest in and maintain control of the Bars' enterprise. Without exception, the racketeers had actual knowledge of the falsity of their actions and acted with intent to defraud. Even those aiding and abetting shall be shown to be willfully blind to criminal acts and exhibiting a conscious, reckless disregard for Cherry' interests.

## Affidavit of Larry Cherry

I, Larry Cherry, of lawful age and competent to testify, after being first duly sworn, state as follows based on my own personal knowledge:

1. Milka Chukorov, a member of the enterprise, the Illinois State Bar Association at 170 W. Washington, Chicago Illinois, committed two frauds by advancing two writings which she signed that he knew were with the intent that Cherry and others rely on the writings to injure Cherry by depriving Cherry of property and business interests. Ms. Chukorov twice, knowingly, falsely affixed her signature to Court documents which were knowingly and fraudulently deficient to obtain jurisdiction of the Court and insufficient to invoke the judicial power of the Court to judicially terminate Cherry's equity interest in property. Ms. Chukorov succeeded in defrauding Cherry of business and property interests with this subterfuge.

2. Sophia Hall, on May 20th, 2002, , aided and abetted the fraud of Milka Chukorov and Pierce and Associates, by willfully acceding to the fraud of Ms. Chukorov and committed trespass on the property of Cherry. Ms. Hall empowered Ms. Chukorov and Pierce and Associates to succeed on defrauding Cherry of business and property interests, by issuing a judgement of foreclosure and sale. Sophia Hall also let it be known that she was not acting as an arbiter of Illinois law, by taking jurisdiction in a action when there was no subject matter jurisdiction and refusing to vacate the void foreclosure judgment upon on Cherry's Petition to Vacate Void Judgment and Collateral Attack and ruling that the court had jurisdiction when in fact the court had none. Mr. Cherry brought the entire certified

case file to court to show that there had been no subject matter jurisdiction from any writings advanced by Pierce and Associates and Milka Chukrov.

3. Ms. Chukorov committed three frauds by advancing three writings which she signed and knew were false with the intent that Cherry and others rely on the writings to injure Cherry by depriving Cherry of property and business interests. a) Ms. Chukurov knew, or had a duty to know, that the verification presented to the court does not meet the standards prescribed by Illinois law, for a verified Complaint. Ms. Chukurov succeeded in defrauding Cherry of business and property interests with this subterfuge.

4. Sophia Hall, on May 28th, 2002, at about 11:30 a.m., at the Richard J. Daley Center, 170 W. Washington, Chicago denied Cherry's Petition for assumed substance matter jurisdiction when she had none and enjoined with Pierce and Associates and Milka Chukurov to defraud Mr. Cherry of his home.

5. Sophia Hall aided and abetted the fraud of Milka Chukorov and Pierce and Associates when she willfully acceded to the May 20th 2002 by issuing a summary judgment even though it was filed prematurely and she knew or should have known Illinois law is clear with pending affirmative defenses, a motion for summary judgment cannot be granted. See West Suburban Mass Transit Dist v. Consolidated Rail Corp., 210 Ill.App.3d891 (holding that summary judgment movant is obligated to demonstrate absence of factual dispute with respect to all issues raised by pleadings, including absence of factual dispute with respect to all issues raised by pleadings, including absence of factual dispute regarding affirmative defense raised by party's opponent).

6. Milka Chukrov has from the outset of her involvement on this case refused to confer in good faith and proceeded to present hearsay erroneous testimony to influence the court to rule against every motion presented by Mr. Cherry denying Cherry due process.

7. Donita Jones of Pierce and Associates filed a motion to vacate dismissal for want of prosecution stating that defendant Cherry appeared in court and told judge that there was a continuance to May 21, 2002 and obtained a Dismissal for Want of Prosecution.

In fact, Mr Cherry came to court because of card sent by clerk and waited until case was called and presented said motion to court. Ms. Jones misstated facts in her motion influenced Judge Hall to rule against Cherry.

8. Mr. Randy Reynolds, manager of Loss Mitigation for Litton Loan Servicing was contacted by Cherry and informed of the illegal activities by Pierce and Associates and requested by Cherry to stop the illegal pending sale obtained with a void judgment on a debt that had never been validated, from a transaction that was originated by one of the nation's primary Predatory Lenders and a loan which should have been discharged according to UCC law and Truth in Lending Act. Mr. Reynolds refused to do so and says what the original lender did was not of any bearing to him or this matter. Mr. Reynolds said that his discussions with Pierce and Associates influenced him to continue the sale. The collusion between these parties and ignoring of the law and notices that I sent to them to stop the sale which were ignored has resulted in substantial damage to Cherry and family.

9. On three occassions Cherry has contacted Larry Litton's office requesting a mediation and spoke to his assistant Lorie. The workout package was sent to Cherry which he promptly returned and never contacted by Litton. Instead they moved aggressively forward with the foreclosure even though the communication clearly stated the illegality and issues with the foreclosure action. Lorie stated in the last communication on October 31st, 2002 that Mr. Randy Reynolds was put in charge by Larry Litton and that his office stood by any decision he made. Mr. Litton and Mr. Reynolds appear to be engaged in a extensive pattern of racketeering along with the assistance of their law firm, Pierce and Associates.

10. Pierce and Associates never responded to the original request for validation of the debt and proceeded with foreclosure action in violation of Fair Debt Collection Practices Act

11. Credit Based Assets Servicing, Litton Loan Servicing LP, and Larry Litton Sr. CEO of same, advanced a foreclosure action although they had received a tender of $110,000.00 in like kind funds and returned the same without discharging the debt, violating Truth and

Lending Laws. Milka Chukurov, on or about August 29, 2002, committed two frauds by advancing two writings which she signed that she knew were false, with the intent that Cherry and others rely on the writings to injure Cherry by depriving Cherry of property and business interests. Ms. Chukurov succeeded in defrauding Cherry of business and property interests with this subterfuge.

12. Pierce and Associates on August 30, 2002 filed a Notice of Sheriff Sale into the First Judicial Circuit Court at 170 W. Washington, Richard J. Daley Center, Case No. 02 CH 01475, and by public notice announced the sale of Cherry's property, located at 7240 S. Blackstone Chicago, Illinois 60619, to the highest bidder, on September 1st, 2002. Ms. Chukurov nor Pierce and Associates holds no security interest in Cherry's property. Pierce and Associates and Milka Chukurov succeeded in defrauding Cherry of business and property interests with this subterfuge.

13. Angie Smith of Intercounty Judicial Sales Corporation was notified by telephone and by facisimilie of pending lawsuits as well as personal delivery of actual lawsuits filed in Circuit Court and United States District Court and made aware of lis pendens filed with Cook County Recorder of Deeds and notice of Title 42 violations elected to continue with the sale of Cherry's property.

The culmination of the aforementioned frauds, carried out by the racketeers in concert, succeeded in defrauding Cherry of business and property interests with this subterfuge.

14. At all times, in dealing with those racketeers named, it has been made perfectly clear to me that all the racketeers were and are a part of an enterprise which had no sense of morality, decency, fair play, or ethics, whatsoever. All openly and arrogantly proclaim themselves to be false actors operating outside the law.

15. The, damages to my property and business interests is at least five hundred thousand dollars ($500,000.00).

III. Whereas a jury shall determine that the racketeers violated articles of 18 USC 1964 damaging the property and business interest of Larry Cherry; and whereas a jury shall determine that the racketeers participated in the conduct and whereas a jury shall determine that the enterprises affected interstate commerce, and whereas a jury shall determine that the racketeers

were associated with the enterprises, and whereas a jury shall determine there is a nexus between all defendants and racketeering activity as defined under 18 USC 1961, and whereas a jury shall determine that the predicate acts were related, and whereas a jury shall determine that the defendants pose a threat of continued criminal activity, and whereas a jury shall determine that the defendants share a common purpose of making money from fraud schemes, and whereas a jury shall determine that the defendants had knowledge of falsity and acted with intent, the rule of law and the cause of justice requires that the defendants compensate Cherry in a sum of not less than three million dollars ($3,000,000.00)

**JURY TRIAL DEMANDED**

Prepared and submitted by: _____
Larry Cherry
c/o 7240 S. Blackstone
Chicago, Illinois 60619

Illinois State  )
              )  ss:    Witness _____
Cook County   )

I certify that on this _1st_ day of _November_, 2002 A. D., a Woman who is known to me to be ~~Larry Cherry~~, appeared to attest and affirm that She is the ~~Man executing~~ Lady Witness the foregoing Affidavit.

I, THEREFORE, set forth my hand and Seal in affirmation of the execution thereof.

_____         _____
NOTARY PUBLIC                Date:

_____         _____
My Commission Expires        Seal:

SERVICE LIST

1. Litton Loan Servicing LP
   1028 Loop Central Drive
   Houston, TX 77081
2. Credit Based Assets Servicing
   C/oLarry Litton Sr.
   Litton Loan Servicing LP
   4828 Loop Central Drive
   Houston, TX 77081

3. Randy Reynolds
   C/o Litton Loan Servicing LP
   4828 Loop Central Drive
   Houston, TX 77081

4. Pierce and Associates
   18 S. Michigan
   Chicago, Illinois 60603
5. Milka Chukurov
   C/o Pierce and Associates
   18 S. Michigan
   Chicago, Illinois 60603

6. Angie Smith
   C/o Intercounty Judicial
   Sales Corporation
   120 W. Madison
   Chicago, Illinois
7. Sophia Hall
   170 Daley Center Rm. 2301
   Chicago, Illinois

8. Andrew D. Shusteff
   C/o Intercounty Judicial
   Sales Corporation
   120 W. Madison
   Chicago, Illinois

9. Judy Tidwell
10. Donita Jones
    C/o Pierce and Associates
    18 S. Michigan
    Chicago, Illinois 60603

11. Carol F. Jolly
12. Jennifer M. Lanning

13. Intercounty Judicial Sales Corporation
    120 W. Madison
    Chicago, Illinois 60603