# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7895 | **DATE** | Jan 2, 2003 |
| **CASE TITLE** | Larry Cherry vs. Sophia Hall et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant defendants' motion (Doc 6-1) to dismiss. The complaint fails to state a claim on which relief may be granted because there is no alleged pattern of racketeering activity and because the complaint fails to comply with Rule 9(b). The complaint is dismissed with prejudice. Status hearing set for January 16, 2003 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY CHERRY,<br><br>      Plaintiff,<br><br>vs.<br><br>SOPHIA HALL; PIERCE AND ASSOCIATES;<br>JUDY TIDWELL; LITTON LOAN SERVICING<br>LP; LARRY LITTON, SR.; RANDY<br>REYNOLDS; CAROL F. JOLLY; JENNIFER<br>LANNINGS; ANDREW D. SCHUSTEFF;<br>DONITA JONES; MILKA CHUKUROV;<br>ANGIE STEVENS; INTERCOUNTY JUDICIAL<br>SALES CORPORATION; and CREDIT-BASED<br>ASSET SERVICING AND SECURITIZATION<br>LLC,<br><br>      Defendants. | 02 C 7895<br><br>DOCKETED<br>JAN 3 2003 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant the motion.

## BACKGROUND

Plaintiff Larry Cherry filed this action against several defendants alleging a violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"). 18 U.S.C.

§ 1962. Cherry alleges that Defendants (a state judge, two lending companies, a law firm, a judicial sales corporation and several individuals) acted in concert to defraud him of his property and business interests. The story begins with Cherry's default on a loan that was subject to a mortgage on his home. At the state court level, his mortgage was foreclosed and his home sold at a judicial sale. In the instant action, he alleges that he was injured by this foreclosure and judicial sale and that his injury is the result of illegal RICO activities committed by Defendants. The thrust of his allegations is to collaterally attack the entire state court process. For example, Cherry alleges that the opposing lawyers made misrepresentations in state court, that the state judge made improper rulings, that it was improper for the mortgagee to pursue a judicial sale of the property, and that the judicial sales officer improperly proceeded with the sale of Cherry's property over his objections. Previously, we dismissed all allegations against the Honorable Sophia Hall. The remaining defendants now move to dismiss the case in its entirety because Cherry's allegations, revolving around the judicially-sanctioned foreclosure of his property, fail to state a RICO claim on which relief may be granted.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests whether a plaintiff has properly stated a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir.1995). Although we accept

as true all of the plaintiff's well-pleaded factual allegations and reasonable inferences drawn therefrom, we need "not strain to find inferences favorable to the plaintiff[] which are not apparent on the face" of the complaint. *Coates v. Board of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Because Cherry is proceeding *pro se*, we liberally construe his complaint in determining whether or not it states a claim on which relief may be granted. *Greer v. Board of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In other words, Cherry's complaint must state "the who, what, when, where, and how" with respect to his allegations of fraud. *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990); *see also Zahran v. Frankenmuth Mut. Ins.*, 1995 WL 535088, *6 (N.D. Ill. Sep. 5, 1995) (holding that Rule 9(b)'s pleading with particularity requirement applies to a *pro se* plaintiff's RICO claim).

## DISCUSSION

Defendants move to dismiss the complaint for failing to state a claim on which relief may be granted on two general grounds: (1) there is no pattern of racketeering activity and (2) the allegations are vague and conclusory.

### I. No Pattern of Racketeering Activity

In his complaint, Cherry asserts that Defendants "committed or abetted more than two predicate acts rising to a pattern of racketeering." Complaint at 2. Cherry

fails to identify the "more than two acts" of which he claims constitute a pattern. Reading his complaint liberally, however, it is clear that what Cherry deems a pattern of racketeering activity is the allegedly fraudulent actions of the opposing attorneys, the judge, the lending companies, and the judicial sales corporation. These acts (which he deems a pattern of racketeering activity) resulted in only a single harm: the loss of his home. A pattern of racketeering activity does not mean a pattern of fraudulent behavior that facilitates a single fraudulent loss; rather, a pattern of racketeering activity means (in a fraud context such as this) a pattern of fraudulent losses. *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 632 (7th Cir. 2001). In *Pizzo*, the plaintiff sued a furniture store for, among other things, violating RICO. *Id* at 631. The district court dismissed the RICO count because the complaint failed to establish a pattern of racketeering activity. *Id*. The plaintiff alleged that it was defrauded into buying $16,200 worth of Styrofoam-like furniture under the misrepresentation that the furniture would be made of solid walnut. *Id*. The complaint alleged several mail and wire fraud violations relating and leading up to the alleged fraudulent transaction. *Id* at 632. The Court of Appeals held that only the alleged fraudulent transaction itself should be considered in determining whether or not there was a pattern. *Id*. Taking that transaction as well as another fraudulent transaction involving a different customer of the furniture store, the Court affirmed the dismissal, holding that the two incidents

-4-

were not enough to constitute a pattern of racketeering activity. *Id* at 633. In the instant case, there is not even a second allegation of fraud; there is only one: the loss of Cherry's home. Because Cherry does not allege that Defendants perpetrated any additional frauds, other than defrauding him out of his home, he cannot establish a pattern of racketeering activity.

## II. Vague and Conclusory Allegations

As just discussed, Cherry's complaint makes several allegations of fraudulent acts that led to his being defrauded of his home. The allegations include:

1. Ms. Chukurov "committed two frauds by advancing two writings which she signed that he [sic] knew we were with the intent that Cherry and others rely on the writings to injure Cherry by depriving Cherry of property and business interests." Complaint at 2.

2. Judge Sophia Hall "aided and abetted the fraud of Milka Chukurov and [her law firm] Pierce and Associates, by willfully acceding to the fraud of Ms. Chukurov . . .." *Id.*

3. Judge Hall "aided and abetted the fraud of Milka Chukurov and Pierce and Associates when she will fully acceded to the May 20th 2002 [sic] by issuing a summary judgment even though it was filed prematurely and she knew or should have known Illinois law is clear with pending

affirmative defenses, [sic] a motion for summary judgment cannot be determined." *Id* at 3.

4. "Mr. Litton and Mr. Reynolds appeared to be engaged in an extensive pattern of racketeering along with the assistance of their law firm, Pierce and Associates." *Id* at 4.

5. Litton Loan Servicing L.P. (one of the lending companies) colluded in the alleged fraud by pursuing the judicially authorized sale. *Id.*

6. The Intercounty Judicial Sale Corporation fraudulently executed the judicially authorized sale. *Id* at 5.

None of these allegations or any other portion of the complaint explain what the fraud was. All Cherry states is that fraudulent papers were filed with the state court, that the state court fraudulently ruled for Defendants, that Litton Loan Services L.P. fraudulently pursued a foreclosure, and that the Intercounty Judicial Sale Corporation fraudulently executed the sale. The allegations are entirely devoid of what actually constituted the fraud. *See WFS Fin. vs. South Chicago Dodge,* 2001 WL 1002463, *4 (N.D. Ill. Aug. 31, 2001) ("Plaintiffs cannot stand on the blanket assertion that the Dealer Invoices were 'altered and/or false.' Instead, the Amended Complaint must explain the nature of the alleged alteration and/or falsehood."). Our holding in *South Chicago Dodge* is instructive. In that case, we held:

Count II of the Amended Complaint relies on bald assertions that, taken together, identify the elements of a civil RICO violation without any embellishment . . . The assertion that Defendant knowingly submitted 'misleading, false and/or altered supporting documentation' for use in the credit-approval process, as well as forged credit applications and misrepresentations of the services actually financed, is utterly devoid of any particularity. It leaves us with no clear notion of what Defendants did that could constitute fraud. Far from informing us of the 'who, what, when, where and why' of the complaint, these assertions leave us with a generalized, incomplete idea of the dimensions of the claim.

*South Chicago Dodge*, 2001 WL 1002463 at *4. Consistent with our holding in *South Chicago Dodge*, we find the present allegations legally deficient under Rule 9(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss. The complaint fails to state a claim on which relief may be granted because there is no alleged pattern of racketeering activity and because the complaint fails to comply with Rule 9(b). The complaint is dismissed with prejudice.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: 1\2\03